Edwards, Ch. J.
now delivered the following opinion of the court:
The entry of the complainant in the court below, who is the appellant, is in the following words : “ John Smith, assignee, &c. enters 500 acres upon a treasury warrant, No. 187, including a small spring marked thus, X, on a maple, about a quarter of a mile oh the north side of the south fork of Sihking creek, about fifteen miles from Pittman’s station, beginning about half a mile southwest of said spring, running north the first line three fourths of a mile, thence up thé creek for quantity,” made 15th May 1780.'
It is agreed between the parties, that Sinking creek, now called Pittman’s creek, and Pittman’s station, were notorious by those names before the date of the coni-, plainant’s entry.
■ The spring claimed by the complainant, is on the north side of the south fork of Sinking creek, (now called Pittman’s) which appears to have been called the Trace fork at the daté of the entry. This spring runs into the south fork, as admitted by the parties.
The maple.tree marked X, is proven to have been so marked before "the date of this entry ; and to have existed. so marked, at the time of the complainant’s survey, *191 in 1793, (by the deposition of Andrew Rogers and William Buckner). This tree was at the spring, and one hundred poles from the mouth of the spring branch.
A trace from Pittman’s station led up the south fork, and out at the head of it: and it is not proved that any other trace led into that quarter of the country, from the station, in the spring 1780.
The distance from the station to the spring and tree, along the trace, is reported by the surveyor to be 13 1-2 miles ; and on a direct line, 9 1-2 miles.
It is admitted also by the parties, that there are other springs on the north side of the south fork of Sinking creek, “ besides the spring and marked tree,” before mentioned.
That the spring and marked tree, or either of them, had acquired any notoriety previous to the date of the complainant’s entry, is not shewn ; but on the contrary, it seems that at the time the surveyor made the original survey, the tree and spring required some search to find them, even by Andrew Rogers, who assisted in marking the tree.
Thus stands the case, as it relates to the entry of the complainant; the sufficiency of which, is the first subject of inquiry, in as much as the defendants claim under the elder grant, which is of itself a sufficient protection, until the complainant makes out an equity under a valid entry (a). It is much to be lamented, that by the omission to represent on the connected plat, the trace ; the mouth of the south fork ; the extent of that stream ; the relative situation of the station and the spring; where the trace from the station first touched the south fork ; and the total silence of the testimony as to the practicability or difficulty of going from the station to the spring on a direct line ; much darkness overshadows this claim, which perhaps the complainant might have removed.
This court can adjudge only by the light which the evidence has actually thrown upon the case ; not by that which probably might have been afforded.
A locator of land not farther distant from the station than nine or ten miles, might reasonably have thought himself secure from any interference with this entry, from the call, about fifteen miles from the station ; and therefore, might have thought a search for the spring *192 quite unnecessary. But to those who wished to appropriate the residuum immediately adjacent, and with that intent sought for the precise situation of the present location, what was the information contained in the entry ? It is admitted, that the spring called for, is sufficiently marked and identified, when found, by the maple and X thereon, and correspondence of distance from the south fork. But the question is, could the spring and tree have been found by locators, with reasonable search ? The directions given by the entry, are, to look on the north side of the south fork of Sinking creek, about IS miles from Pittman’s station, and about a quarter of a mile from the creek.
The first difficulty which the person in search would have to encounter, is the mistake in distance. If he had pursued the direct rout, he would not have commenced his, search until he had got four miles or upwards beyond where the objects were to be found ; and it cannot be presumed that he either would or ought to have returned back that distance in search of them.
To obviate this difficulty, it has been insisted that á subsequent locator would have pursued the traces from Pittman’s station, into the neighborhood of the spring and tree to have found them : and that therefore, the distance, according to the meanders of the road, should be regarded.
If he had pursued the trace, and had judged of the distance by its meanders, which it may fairly be presumed in that case he would have done ; the distance is a¡ mile and a half short of that described in the entry ; a*id as it is admitted by the parties that there were other springs on that side of the south fork, it is by no means clear that he would, with reasonable search, have found that one at which the marked tree stood. Although the marked tree, when discovered, would have enabled an inquirer to have known that was the spring intended ? yet it would have been of little assistance in making the discovery. Because a letter marked on a tree, is frequently not easily seen, and may readily be overlooked, even by one in search of it. And it is not proved in-the case, that the mark on the tree was either large or easily discovered ; but the presumption, from the evidence, is rather to the contrary.
These observations have been made upon the supposition that the arguments of the appellant’s counsel is *193 well founded ; that a subsequent locator would have pursued the trace from Pittman’s station into the neighborhood of the spring and tree, to have found them.
See CombmaH.
But the most fatal objection to the appellant’s entry, is, that it neither calls for, nor hasany allusion to the trace. There is nothing in the entry calling the attention to it as the means of finding the objects called for; or to induce another locator to pursue the trace, in preference to any other way through the woods, to a point on the south fork of Sinking creek, about Í5 miles from Pittman’s station; nor can it be presumed, from the circumstances of the case, (in as much as neither the trace nor the relative situation of the station to the creek, of to the spring and marked tree, are laid down or shewn) that á subsequent locator, in search of the objects called for in the appellant’s entry, would haVé pursued the trace from the station to find them. It appears, indeed, from the distance on a direct line, being but nine and a half miles* and the distance along the trace being thirteen and á half miles, that it was a very circuitous rout; and for aught that appears, the relative situations of the tracer station, and marked tree and spring, may be such, that One having any general knowledge of the country (which must be presumed to have been the case with locators of land) would have been more likely to have pursued the direct rout. To say the best, it is left entirely id Conjecture whether he would, most probably, have pursued the one or the other;
Bor these reasons, we afe of opinion that the tracé Cannot aid the appellant’s entry; and that the entry cannot be supported without it. And that there is, therefore, no error in the decree of the circuit court, in dismissing the complainant’s bill.---'Decree affirmed.

 See Pat. ‘ffi"¾1- Brad~ tnte io^’